**FETZER TELEVISION, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 14631.

United States Court of Appeals
Sixth Circuit.

March 7, 1962.

John Howard, Howard & Howard, Kalamazoo, Mich., for petitioner.

Warren M. Davison, Washington, D. C., Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Allison W. Brown, Jr., Standau E. Weinbrecht, Attys., N. L. R. B., Washington, D. C., on the brief, for respondent.

Before SIMONS, CECIL and WEICK, Circuit Judges.

PER CURIAM.

This cause is before the Court upon petition of Fetzer Television, Inc., to re-

view and set aside an order of National Labor Relations Board issued against it on May 29, 1961.

The petitioner operates a television station in Cadillac, Michigan. As a result of an election held in October, NABET Union was certified on November 2, 1959, as the bargaining agent for such of petitioner's employees as were included in the unit determined by the National Labor Relations Board. The unit was small as was evidenced by the vote—eleven favored union representation and four were opposed to it.

After the union was certified, a series of meetings were held between representatives of the union and representatives of the employer in an effort to agree on a contract. The negotiations were carried on primarily by Mr. Ellerman, representing the petitioner, hereinafter called the company, and Miss Mary Ellen Trottner, Regional Director of the Union. The meetings lasted anywhere from a few minutes to two or three hours.

On April 25, 1960, the union filed charges against the company for alleged refusal to bargain in good faith. (Sec. 158(a) (5), Title 29 U.S.C.) These are the charges now before the Court for review. A hearing was had before a trial examiner who recommended the order adopted by the board of which the petitioner now complains. This order provides, inter alia, that the company shall cease and desist from refusing to bargain with the union or in any manner interfering with the efforts of the union to bargain with it. It affirmatively orders the company upon request to bargain collectively with the union as the exclusive representative of all the technical and production employees in the certified bargaining unit.

The board filed an answer in this Court to the company's petition, seeking enforcement of the order in full.

The questions presented on this review are purely factual.

Upon consideration of the record, the briefs and appendices of the parties and oral arguments of counsel, we conclude that the evidence and the reasonable inferences to be drawn therefrom are sufficient to establish that upon the record as a whole there is substantial evidence to support the order of the board. Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456; National Labor Relations Board v. Erikson, 273 F.2d 477, C.A.6; Section 160(e), Title 29 U.S.C.

The company's petition to vacate the order of the board is denied and a decree granting the enforcement of the board's order is hereby allowed.